UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KYLE J. WECHSLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:20cv341 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a Motion for Attorney Fees filed by Plaintiff on August 13, 2021. The Defendant filed a response to the motion on August 18, 2021, to which Plaintiff replied on August 24, 2021.

For the following reasons, the motion will be granted.

Discussion

On July 23, 2021, this Court entered an Opinion granting Defendant's unopposed motion pursuant to sentence four of 42 U.S.C. § 405(g), reversing the decision of the Commissioner of Social Security, and remanding this case for further proceedings. Judgment in favor of Plaintiff was entered on July 26, 2021.

For a Social Security disability claimant to obtain an award of attorney's fees against the Federal Government pursuant to the EAJA, 28 U.S.C. Section 2412, the court must find: (1) that the claimant was the prevailing party; (2) that the claimant had a net worth not exceeding two million dollars ($2,000,000.00) at the time the action was filed; (3) that the position of the United States in the litigation or in the action (or failure to act) of the agency on which the civil action is

based was not substantially justified and that there are no special circumstances which make an award under EAJA unjust; and (4) that an application for fees was made within thirty days of the final judgment, defined as the date a judgment is not appealable, ninety days from the date of entry of judgment in most circumstances.

In the present case, Defendant only objects to the number of hours claimed by Plaintiff's attorney. Defendant asks the Court to reduce the award by 4 hours, which includes 0.5 hours on May 10, 2021 for reviewing a medical summary and 3.5 hours on June 14, 2021 for drafting and editing a medical summary.

Defendant claims that the fee request of $9,670.20 is unreasonable for a Social Security disability case in which proceedings were truncated following the Defendant's Motion to Remand. Defendant bases her objection on Local Rule 7-3(e) which states that briefs for Social Security appeals are subject to the page limitations in Local Rule 7-1(e). Local Rule 7-1(e)(1) states that "[s]upporting and response briefs (excluding tables of contents, tables of authorities, and appendices) ordinarily must not exceed 25 pages. Reply briefs must not exceed 15 pages." Local Rule 7-1(e)(2) states that the Court "may allow a party to file a brief exceeding these page limits for extraordinary and compelling reasons."  Defendant points out that Plaintiff's Opening Brief in this case included the maximum number of pages allowed under Local Rules 7-1(e) and 7-3(e). In addition, Plaintiff filed a 49-page "Appendix to Opening Brief: Medical Chronology". Defendant contends that Plaintiff's time log filed in support of her Motion for Attorney Fees appears to include entries for the preparation of the Appendix.

Thus, Defendant requests that the Court reduce the total attorney hours claimed by 4 hours to account for time spent in preparation of an "unnecessary"  49-page Appendix.

Defendant suggests that a reduction to $8,818.20 is reasonable.

A review of this case indicates the amount of time spent was reasonable. The transcript was a very lengthy 2374 pages. The court has previously held that a record of 400 pages is not short. *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016). Plaintiff's attorney states that she did not represent Plaintiff during the administrative proceedings and had no previous familiarity with this case or the issues involved. Plaintiff contends that although the medical summary filed as an appendix is lengthy, the attorney time expended was very reasonable. Non-attorney time was expended preparing a draft summary, and Plaintiff's attorney did not bill those hours. Plaintiff's counsel states that without the summary, she would have spent many more than four hours reviewing the medical evidence in this case. The medical summary reduced the amount of attorney time and was an efficiency tool.

This Court agrees that Plaintiff should not be punished for trying to reduce the amount of attorney hours. It is worth noting that Plaintiff's counsel's excellent briefing, including preparation of the Appendix, likely shortened the duration of this case, as evidenced by the Defendant's early motion to remand. Defendant has failed to cite authority or convincing arguments justifying the requested reduction of four hours. Defendant's late objection to the perceived violation of the Local Rules is unpersuasive.  Defendant could have raised this issue at the time the brief and appendix were filed, but failed to so do.  As the fee request is reasonable, the motion will be granted.

Also, Plaintiff's counsel is entitled to additional fees for responding to Defendant's objection. Plaintiff has requested an additional $596.40 for 2.8 hours work responding to the Defendant's objection. Therefore, Plaintiff will be granted an award of $10,266.60 in EAJA fees

3

which includes the original $9,670.20 plus $596.40 for additional time spent related to responding to Defendant's objections.

## Conclusion

On the basis of the foregoing, Plaintiff's request for EAJA fees [DE23] is hereby GRANTED. Plaintiff is awarded $10,266.60 in EAJA fees.

Entered: August 30, 2021.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court
